IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIRNA E. SERRANO, *et al.*, individually and on behalf of others similarly situated, | ) ) ) | Civil Case No. 04-40132 |
| | ) | Judge Sean F. Cox |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff Intervenor, | ) ) ) | |
| v. | ) ) | |
| CINTAS CORPORATION, | ) ) ) | |
| Defendant; | ) | |

*Consolidated for Pre-Trial Proceedings with*

| | | |
|---|---|---|
| BLANCA NELLY AVALOS, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | Civil Case No. 06-12311 |
| | ) | Judge Sean F. Cox |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff Intervenor, | ) ) ) | |
| v. | ) ) | |
| CINTAS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT CINTAS CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF-INTERVENOR'S PATTERN OR PRACTICE DISCRIMINATION CLAIM**

## STATEMENT OF ISSUES PRESENTED

Can the EEOC state a claim for pattern or practice discrimination under 42 U.S.C. §2000e-5 [§706], where no claim has been pled under 42 U.S.C. §2000e-6 [§707]?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

42 U.S.C. §2000e-5 [§706].
42 U.S.C. §2000e-6 [§707].
EEOC v. Continental Oil Co., 548 F.2d 884 (10th Cir. 1977).
EEOC v. CRST Van Expedited, Inc., 611 F. Supp. 2d 918 (N.D. Iowa 2009).
EEOC v. Mitsubishi Motor Manufacturing of Am., Inc., 990 F. Supp. 1059 (C.D. Ill. 1998).
EEOC v. Scolari Warehouse Markets, Inc., 488 F. Supp. 2d 1117 (D. Nev. 2007).
EEOC v. Shell Oil Co., 466 U.S. 54 (1984).
International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977).

I.       **INTRODUCTION**

Defendant Cintas Corporation ("Cintas") respectfully submits this Reply Brief in Support of its Motion for Judgment on the Pleadings with respect to Plaintiff-Intervenor's Pattern or Practice Discrimination Claim. Although the EEOC spends considerable time in its Response confusing the issues before the Court, it cannot support its position that it is entitled to bring a pattern or practice claim solely under § 706 of Title VII. The only case to which the EEOC cites that even remotely supports its position was decided nearly thirty years ago and does not account for the significant amendments that have been made to Title VII since that time. Because the EEOC cannot demonstrate that it is entitled to pursue a pattern or practice claim pursuant to § 706 of Title VII, as it is currently amended, the Court should grant Cintas' motion.

II.      **ARGUMENT**

    A.    **The EEOC improperly conflates and confuses the issues before the Court.**

The EEOC apparently believes that it can survive Cintas' motion by clouding and confusing the issue that is presently before the Court. The issue before the Court is not whether the EEOC has authority to seek compensatory and punitive damages on behalf of a group of affected individuals. Rather, the real question here is what provisions of Title VII the EEOC must follow when it is seeking relief for an alleged pattern or practice of discriminatory conduct. Section 706 does not authorize the EEOC to bring a claim for pattern or practice discrimination; rather, this type of systemic discrimination claim is authorized only under § 707, and the EEOC is entitled to the Teamsters framework only in connection with a § 707 claim. The EEOC's brief attempts to confuse this key issue by blithely shifting back and forth between cases that were litigated under § 706 and those that were litigated under § 707, as well as cases that were brought

1

by the EEOC and those that were pursued by private plaintiffs.[1] The EEOC's maneuvering demonstrates either a fundamental lack of understanding of the complex structure of Title VII or a blatant attempt to obscure the substantive issues before the Court.

Furthermore, the 'straw man' argument raised by the EEOC – whereby the EEOC suggested that Cintas contends that the EEOC has greater ability to obtain relief in an individual case than in a group case – simply is inaccurate. It does, however, make a difference which statutory provision the EEOC chooses to invoke in a particular case. The EEOC cannot deny that § 706 and § 707 authorize it to bring different types of claims and seek different remedies.

### B. The cases cited by the EEOC do not establish that the EEOC can bring a pattern or practice claim using the Teamsters framework solely under § 706.

The cases cited by the EEOC simply do not establish that Title VII authorizes the EEOC to bring a pattern or practice claim – and therefore utilize the Teamsters paradigm – solely under § 706. In National R.R. Passenger Corp. v. Morgan, for instance, the Supreme Court specifically noted that the case did not involve a pattern or practice claim. 536 U.S. 101, 115 (2002).

Moreover, the EEOC misconstrues the holding of General Telephone Co. of the Northwest, Inc. v. EEOC. The Supreme Court held in General Telephone that the EEOC did not need to be certified as a class representative pursuant to Rule 23 in order to bring claims under § 706 on behalf of a group of individuals. 446 U.S. 318, 320 (1980). General Telephone did not even address the issue of whether the EEOC could bring a pattern or practice claim under

---

[1] See EEOC v. CRST Van Expedited, Inc., No. 07-CV-95-LRR, 2009 WL 2524402, at *13 (N.D. Iowa Aug. 13, 2009) (In § 706 cases (as opposed to §707 cases), the EEOC must stand in the shoes of the aggrieved persons it is seeking to represent. In opposition to Cintas' instant motion, the EEOC claims that it can pursue pattern or practice claims on behalf of a group of female applicants based on the Franks, Cooper, Wooldridge, Cox and Coates cases. (Dkt 664, at 6.) But in those cases, the "aggrieved persons" had been granted class certification. See Franks, 424 U.S. at 751; Cooper, 467 U.S. at 870; Wooldridge, 875 F.2d at 541-42; Cox, 784 F.2d at 1552; Coates, 756 F.2d at 530. Here, the "aggrieved persons" have been denied class certification; standing in their shoes, the EEOC therefore may not pursue collective pattern or practice claims on behalf of a collective of female applicants under § 706.).

§ 706 alone, and therefore the portion of the opinion cited by the EEOC is irrelevant to the issue in Cintas' instant motion.

Finally, the other cases that are cited by the EEOC involved either pattern or practice claims that were brought by the EEOC or its predecessor under § 707, see e.g., International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977), or § 706 claims that had been brought by private litigants as a Rule 23 class action. See, e.g., Franks v. Bowman Transportation Co., 424 U.S. 747 (1976); Cooper v. Fed. Reserve Bank, 467 U.S. 867 (1984); Wooldridge v. Marlene Indus., 875 F.2d 540 (6th Cir. 1989); Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir. 1986); Coates v. Johnson & Johnson, 756 F.2d 524 (7th Cir. 1985).

    C.    **The Monarch decision is not controlling because the language cited by the EEOC is dicta and the opinion does not account for the significant amendments to Title VII that have been made since it was decided.**

The EEOC relies heavily on the nearly thirty-year-old decision in EEOC v. The Monarch Machine Tool Co., 737 F.2d 1444 (6th Cir. 1980). In the footnote cited by the EEOC, which is merely dicta, the court – without any analysis or support – states that the EEOC was entitled to the Teamsters framework in that case. Monarch, 737 F.2d at 1449, n. 3. Notably, however, significant changes to Title VII have been made since the Monarch court made this unsupported statement. The 1991 Civil Rights Act amended Title VII to allow aggrieved individuals to recover compensatory and punitive damages for § 706 claims. The 1991 Civil Rights Act, however, did not extend such relief to § 707 claims. Therefore, at the time that Monarch was decided – before the 1991 amendments – only equitable relief was available for both § 706 and § 707 claims. Given the cursory manner in which the Monarch court apparently resolved this complicated issue, and especially in light of the different, post-Monarch remedies that are now

3

available under § 706 and § 707 as a result of the 1991 Civil Rights Act, a more detailed analysis is required.

Permitting the EEOC to proceed under the Teamsters pattern or practice framework solely under §706 would contravene clear Congressional intent. The Teamsters framework is a product of an era when only equitable relief (including back pay) was available in Title VII cases, and was not designed for litigating compensatory and punitive damages. Thus, the Teamsters framework is appropriate under § 707 (under which such damages are not available), but it is not appropriate for claims brought by the EEOC under § 706. Additionally, applying the Teamsters framework to a claim for punitive and compensatory damages under § 706 would by judicial fiat undo Congress' measured judgment in applying compensatory and punitive damages only to § 706 claims. The 1991 Act amended Title VII to make compensatory and punitive damages available only under § 706, and not § 707. The legislative history is clear that this distinction was not the result of an oversight by Congress but rather was a deliberate decision, a decision with which the EEOC itself was intimately involved. What the EEOC is trying to do now – bring a pattern or practice claim under § 706 rather than § 707 so that it may recover compensatory and punitive damages that are not available under § 707 – is nothing more than an attempt to indirectly amend the 1991 Act so as to effectively permit the recovery of compensatory and punitive damages in what normally would have been § 707 cases. This backdoor attempt to expand the 1991 Act beyond what Congress enacted, and beyond what the EEOC requested at the time the statute was being considered, should not be condoned by the Court. Interestingly, the EEOC has no answer for the apparent inconsistency that its interpretation of Title VII creates: if Congress intended for the EEOC to have the authority to

4

recover compensatory and punitive damages for a pattern or practice claim under § 706, why did it deliberately choose not to amend § 707 to allow for that very type of relief?

Finally, the construction of Title VII that the EEOC has endorsed in this action would have the effect of rendering § 707 redundant and meaningless. It is a cardinal principle of statutory construction that a statute should be construed so that no clause, sentence, or word is superfluous, void, or insignificant. United States v. Carney, 387 F.3d 436, 454 (6th Cir. 2004). If the EEOC can state a claim for pattern or practice discrimination under § 706, there would be no reason to ever bring a claim under § 707. The EEOC would invariably choose to pursue pattern or practice claims under § 706 in order to take advantage of its more comprehensive range of remedies. This interpretation of Title VII would clearly render § 707 superfluous. Again, the EEOC completely fails to address or reconcile this tension.

### III.   CONCLUSION

The law does not support the EEOC's mistaken position that it can pursue a pattern or practice claim under § 706. The Court should not follow the Monarch case because it does not account for the significant changes that were made to Title VII by the 1991 Civil Rights Act. Finally, the EEOC has ignored the internal inconsistencies that its interpretation of Title VII raises in terms of both legislative history and statutory construction. Therefore, Defendant Cintas Corporation respectfully requests that this Court grant its motion.

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6540
Fax: (513) 579-6457
Attorney for Defendant, Cintas Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that true and exact copies of the foregoing were served on the following counsel via the Court's CM/ECF filing system this 11th day of November, 2009:

William G. Tishkoff
Jennifer L. Brant
Tishkoff & Associates, PLLC
407 North Main Street
Ann Arbor, Michigan  48104-1158

James K. Fett
Lawrence A. Fields
Fett & Fields, P.C.
805 East Main
Pinckney, Michigan  48169

Bill Lann Lee
Lewis Feinberg Lee Renaker & Jackson, P.C.
1330 Broadway
Suite 1800
Oakland, California  94612

Rachael Geman
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street
8th Floor
New York, New York  10013-1413

Richard T. Seymour
Law Office of Richard T. Seymour
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC  20036-4129

Theodore R. Opperwall
Kienbaum Opperwall Hardy & Pelton, PLC
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan  48009

Judson Miner
Scott A. Entin
Nancy Maldonado
Miner Barnhill & Galland
14 W. Erie Street
Chicago, Illinois  60610

Laurie A. Young
Michelle Eisele
Kenneth Bird
Equal Employment Opportunity Commission
101 West Ohio Street
Suite 1900
Indianapolis, Indiana  46204

Sarah Siskind
Miner Barnhill & Galland, PC
44 E. Mifflin Street
Suite 803
Madison, Wisconsin  53703

Morris J. Baller
Roberta L. Steele
Heather Mills
Goldstein Demchak Baller Borgen & Dardarian
300 Lakeside Drive
Suite 1000
Oakland, California  94612

6

Allison Elgart
Kelly Dermody
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco, California 94111-3339

/s/ Gregory M. Utter
Gregory M. Utter

7