IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIRNA E. SERRANO, *et al.*, individually and on behalf of others similarly situated, | Civil Case No. 04-40132 |
| Plaintiffs, | Judge Sean F. Cox |
| and | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff Intervenor, | |
| v. | |
| CINTAS CORPORATION, | |
| Defendant; | |

*Consolidated for Pre-Trial Proceedings with*

| | |
|---|---|
| BLANCA NELLY AVALOS, *et al.*, on behalf of themselves and others similarly situated, | Civil Case No. 06-12311 |
| Plaintiffs, | Judge Sean F. Cox |
| and | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff Intervenor, | |
| v. | |
| CINTAS CORPORATION, | |
| Defendant. | |

**DEFENDANT CINTAS CORPORATION'S MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF-INTERVENOR'S MOTION FOR PROTECTIVE ORDER</u>**

# TABLE OF CONTENTS

I. STATEMENT OF ISSUE PRESENTED………………………………………………1

II. CONTROLLING OR MOST APPROPRIATE AUTHORITY…………………………..1

III. INTRODUCTION………………………………………………………………………...2

IV. ARGUMENT……………………………………………………………………………...2

    A. Representations Made by the EEOC in its Motion are Misleading and False…….3

    B. Even if the Court Decides to Bifurcate the Trial and Discovery of this Matter, the Depositions that the EEOC Seeks to Prevent are Relevant to Cintas' Defense that It Did Not Engage in a Pattern or Practice of Discriminatory Hiring…………………………………………………………………..4

        1. Cintas is Entitled to Gather Evidence to Show that Not All Women Who Applied for an SSR Position Were Qualified, Available, or Interested In the Position………………….4

        2. Cintas is Entitled to Gather Evidence to Show that There Was No "Standard Operating Procedure" of Discriminatory Hiring…………………………………………………………..6

        3. Both Parties Are Entitled to Use Anecdotal Evidence to Support Their Claims and Defenses…………………………………………7

V. CONCLUSION……………………………………………………………………………7

# INDEX OF AUTHORITIES

**Cases**

*International Brotherhood of Teamsters v. United States*
    431 U.S. 324 (1977)……………………………………………………………………….6

*Nemir v. Mitsubishi Motors Corp.*
    381 F.3d 540 (6th Cir. 2004)…………………………………………………………...2

*Nix v. Sword*
    11 Fed. Appx. 498 (6th Cir. 2001)……………………………………………….......2


**Rules**

Federal Rule of Civil Procedure 26(c)……………………………………………………….2

## I. STATEMENT OF ISSUE PRESENTED

Should the Court grant the EEOC's Motion for Protective Order where the EEOC has failed to demonstrate that it will suffer any injury as a result of continued discovery and where the disputed discovery is relevant to the question of whether Cintas engaged in a pattern or practice of discriminatory hiring?

## II. CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Civil Procedure 26(c).
*International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977).
*Nix v. Sword*, 11 Fed. Appx. 498 (6th Cir. 2001).

### III. INTRODUCTION

Defendant Cintas Corporation ("Cintas") respectfully requests that this Court deny the Motion for Protective Order filed by Plaintiff-Intervenor, Equal Employment Opportunity Commission ("EEOC"). The EEOC has not satisfied its burden of demonstrating that it would suffer a clearly defined and serious injury if discovery was to proceed in the absence of the requested protective order. As a primary matter, although the Court has yet to rule on the EEOC's request to bifurcate this matter, the EEOC is apparently content to proceed as if the issue has already been decided in its favor. Even if the Court bifurcates both the trial and discovery of this action, however, the depositions to which the EEOC objects in its Motion for Protective Order are relevant to the question of whether Cintas engaged in a pattern or practice of discrimination, and are therefore proper at this stage in the litigation.

### IV. ARGUMENT

Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order only where the moving party has shown good cause that such an order is necessary to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden of establishing good cause for a protective order rests with the moving party. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). In order to satisfy its burden, the moving party must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought." *Id.* (*quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D. D.C. 1987)). *See also Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (holding that the moving party cannot satisfy its burden by providing only conclusory statements and must instead present "a particular and specific demonstration of fact.") Because the EEOC cannot present any specific facts to demonstrate that it will be seriously injured if the Court allows discovery to

proceed, the EEOC cannot satisfy its substantial burden and its Motion for Protective Order must be denied.

## A. Representations Made by the EEOC in its Motion are Misleading and False.

The EEOC requested in its Motion to Clarify Scheduling Order (Dkt. 660) that the case be bifurcated, but the Court has not yet ruled on that request. Despite that fact, the EEOC has apparently taken it on itself to make the decision for the Court, and continues to proceed as if this matter has been bifurcated. The EEOC has even gone so far as to accuse Cintas of attempting to "un-bifurcate" the case – the notion of which seems peculiar, given that the Court has yet to bifurcate either trial or discovery in the first place.

Absent a decision from the Court bifurcating both trial and discovery, there is simply no basis for the EEOC's motion. Cintas is certainly entitled to depose or otherwise seek information from potential claimants and/or witnesses. The EEOC is pursuing a claim that Cintas engaged in a pattern or practice of discriminatory hiring at its Michigan locations, as well as claims for damages on behalf of individual litigants. Cintas has the right to discover evidence to support its defenses to these claims. This necessarily includes taking the depositions of the women who applied for the SSR position and were not hired. The backgrounds and application and/or interview experiences of these women are relevant both to the question of whether Cintas had a "standard operating procedure" of discriminatory hiring and whether each individual is entitled to damages. This discovery is therefore proper.

Furthermore, the EEOC's characterization of the depositions that have been taken by Cintas in recent weeks is grossly misleading. Because the contact information that Cintas had for the former applicants was old and likely out-dated, Cintas issued a number of subpoenas with the expectation that it would not be able to achieve valid service on all potential deponents.

Indeed, this ended up being true: Cintas issued a total of 73 subpoenas to former applicants in the Detroit and Grand Rapids areas. Of those, Cintas achieved valid service on only 35 individuals. In the end, only 19 individuals appeared for deposition and were actually deposed. The EEOC's implication that all of the individuals to whom subpoenas were issued were deposed by Cintas is ridiculous. Rather, Cintas has conducted a total of 19 depositions over seven days.[1]

> **B. Even if the Court decides to Bifurcate the Trial and Discovery of this Matter, the Depositions that the EEOC Seeks to Prevent are Relevant to Cintas' Defense that It Did Not Engage in a Pattern or Practice of Discriminatory Hiring.**

Even if the Court decides to bifurcate both the trial and discovery of this matter, however, the depositions that the EEOC is currently seeking to prevent are relevant to the "phase one" question of whether Cintas engaged in a pattern or practice of discriminatory hiring at its Michigan locations during the relevant time period.

> 1. <u>Cintas is Entitled to Gather Evidence to Show that Not All Women Who Applied for an SSR Position Were Qualified, Available, or Interested In the Position.</u>

The EEOC has apparently taken the position that every woman who applied for the SSR position in Michigan during this time as qualified for, available for, and interested in the job. (Dkt. 709, p. 7; "The EEOC has made plain to Cintas its belief that <u>all</u> women who applied and were not hired for driver positions in Michigan during the relevant time frame are potential class members.") Cintas is entitled to engage in discovery to gather evidence to refute this position and demonstrate that not every female who submitted an application for a SSR position was qualified for, available for, or interested in the position.

---

[1] In its response to Cintas' Motion to Compel (Dkt. 709), the EEOC further states that these depositions "have taken place on nearly a daily basis since the beginning of January." As the depositions have taken place over only seven days, the EEOC has again grossly mischaracterized the situation.

The depositions that Cintas has taken thus far illustrate this point precisely. For instance, one deponent admitted that she had not disclosed on her application a prior DWI conviction and that she was an active alcoholic at the time of her application. (Deposition of Kimberly Bailey, p. __.)[2] Another deponent acknowledged that she had written on her application that she would not be available to work until nearly a year after she applied. (Deposition of Gina Comiska, p. __.) Another deponent admitted that she did not have a GED and had likely lied about having one on her application. (Deposition of Paula Cook, p. ___.) Further, another deponent admitted that she had been terminated from a previous position for insubordination. (Deposition of Lisa Childress, p. __.) Finally, Cintas learned that one individual who had been identified by the EEOC as a female applicant and subpoenaed by Cintas was actually a male.

This information is necessary to Cintas' defense that it did not engage in a pattern or practice of discrimination. The EEOC will undoubtedly attempt to prove a pattern or practice of discrimination by way of statistical evidence. The evidence gathered by Cintas at these depositions is vital to its defense that not all female applicants were qualified, available, or interested in the position and therefore the EEOC's statistics – which presumably will form the basis for the EEOC's claim that every female applicant was qualified, available and interested in the position – are inaccurate and unreliable.

Thus, the discovery that the EEOC seeks to prevent is relevant to the question of whether Cintas engaged in a pattern or practice of discrimination. Therefore, even if the Court decides to

---

[2] As these depositions were taken shortly before Cintas' response to the EEOC's motion is due, the deposition transcripts are not yet available. If necessary, Cintas can supplement its response with the appropriate citations when the transcripts become available. The references, however, are merely used to illustrate the point that the evidence from these depositions unquestionably goes to the EEOC's claim that all of the female applicants were qualified, available, and interested in the position. *See* Dkt. 328, Report and Recommendation by U.S. Magistrate Judge Donald A. Sheer as to Defendant's Motion for Summary Judgment as to Plaintiff Avalos, p. 21 (explaining that "basic honesty is an objective qualification for any legitimate position of employment.")

bifurcate the trial and discovery of this matter, the depositions at issue here remain appropriate at this stage in the litigation.

        2.    <u>Cintas is Entitled to Gather Evidence to Show that There Was No "Standard Operating Procedure" of Discriminatory Hiring.</u>

In order to succeed on its pattern or practice claim, the EEOC must prove that sex discrimination was Cintas' "standard operating procedure" in Michigan during the relevant time frame. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977) (holding that in order to prove a pattern or practice claim, the EEOC must establish that discrimination was the employer's "standard operating procedure – the regular rather than the unusual practice"). Cintas has the right to secure evidence to defeat a pattern or practice claim by demonstrating that its hiring practices varied by time, location, and individual, and therefore there could not have been a "standard operating procedure" of discriminatory hiring.

For instance, the EEOC blithely states that most women were not selected for hire on the basis of their applications alone. Cintas' depositions, however, prove that this statement is demonstrably false and that instead, the hiring process varied from individual to individual. Some women were interviewed on the spot after they submitted their applications (*See*, *e.g.*, Deposition of Karen Benson, p. __), while others were called in for an interview at a later date (*See*, *e.g.*, Deposition of Lisa Childress, p. __.) Still others were never interviewed. (*See*, *e.g.*, Deposition of Gina Comiska, p. __.) Furthermore, of those women who received interviews, the substance of the interviews varied as well. (*See*, *e.g.*, Deposition of Debra Humphreys, p. __ (explaining that her interviewer was very nice to her and was enthusiastic about her application and acknowledging that nothing happened during the interview that suggested that Cintas might discriminate against her).) Overall, these depositions demonstrate that the applicants'

experiences varied greatly and therefore there simply was no discernable hiring pattern or practice.

        3.        <u>Both Parties Are Entitled to Use Anecdotal Evidence to Support Their Claims and Defenses.</u>

The EEOC is certainly entitled to – and likely will – attempt to prove its pattern or practice claim by providing both statistical evidence and anecdotal evidence; that is, testimony from individual women about their experiences in applying for SSR positions with Cintas. Furthermore, the EEOC has stated its intention to depose forty-four current and former Cintas managers during the first two weeks of February, presumably to gather evidence related to its pattern or practice claim. (*See* January 8, 2010 Email from Ken Bird, attached as Exhibit A.) The EEOC has also indicated that it plans to depose even more Cintas managers after it completes this "first round" of manager depositions in February. (*See* January 14, 2010 Email from Ken Bird, attached as Exhibit B.)

If the EEOC is entitled to engage in discovery in order to present such anecdotal evidence, Cintas is certainly entitled to as well. Cintas needs to conduct discovery not only to gather evidence to refute the testimony of the EEOC's witnesses, but also to provide its own anecdotal evidence to support its defense that no pattern or practice of discriminatory hiring existed. It is unreasonable for the EEOC to engage in substantial discovery, and, at the same time, seek to limit Cintas' opportunities to do the same.

**V.     CONCLUSION**

The EEOC's Motion for Protective Order should be denied because the EEOC cannot identify any clearly defined, serious injury that it will incur if discovery continues to proceed as it has. The EEOC attempts to divert the Court's attention from this deficiency by arguing that individual discovery should not be had until later in the litigation. In doing so, the EEOC utterly

ignores the fact that neither trial nor discovery has been bifurcated. Even if they had, however, the discovery that the EEOC seeks to prevent is relevant to the pattern or practice claim, and therefore is appropriate at this point in the litigation. Contrary to the EEOC's assertion, it cannot engage in extensive discovery while seeking to prevent Cintas from having the same opportunity. The Federal Rules of Civil Procedure apply to both parties, and Cintas is entitled to conduct discovery into matters that are relevant to the claims and defenses that have been asserted in the litigation. The EEOC's Motion should be seen for what it is: an after-the-fact attempt to block Cintas' ability to gather information once it became clear that the evidence adduced from the depositions of the female applicants disproved the EEOC's claim that Cintas engaged in a pattern or practice of discriminatory hiring. As a result, Defendant Cintas Corporation respectfully requests that this Court deny the EEOC's Motion for Protective Order.

                                                         Respectfully submitted,

                                                         /s/ Gregory M. Utter
                                                         Gregory M. Utter
                                                         Rachael A. Rowe
                                                         Keating Muething & Klekamp, PLL
                                                        One East Fourth Street, Suite 1400
                                                         Cincinnati, Ohio 45202
                                                         Tel: (513) 579-6540
                                                         Fax: (513) 579-6457

                                                         Attorneys for Defendant, Cintas Corporation

# CERTIFICATE OF SERVICE

       I hereby certify that true and exact copies of the foregoing were served on the following counsel via the Court's CM/ECF filing system this 28th day of January, 2010:

William G. Tishkoff
Jennifer L. Brant
Tishkoff & Associates, PLLC
407 North Main Street
Ann Arbor, Michigan  48104-1158

Richard T. Seymour
Law Office of Richard T. Seymour
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC  20036-4129

Judson Miner
Scott A. Entin
Nancy Maldonado
Miner Barnhill & Galland
14 W. Erie Street
Chicago, Illinois  60610

Sarah Siskind
Miner Barnhill & Galland, PC
44 E. Mifflin Street
Suite 803
Madison, Wisconsin  53703

James K. Fett
Lawrence A. Fields
Fett & Fields, P.C.
805 East Main
Pinckney, Michigan  48169

Theodore R. Opperwall
Kienbaum Opperwall Hardy & Pelton, PLC
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan  48009

Laurie A. Young
Michelle Eisele
Kenneth Bird
Equal Employment Opportunity Commission
101 West Ohio Street
Suite 1900
Indianapolis, Indiana  46204

Morris J. Baller
Roberta L. Steele
Heather Mills
Goldstein Demchak Baller Borgen & Dardarian
300 Lakeside Drive
Suite 1000
Oakland, California  94612

                                            /s/ Gregory M. Utter
                                            Gregory M. Utter

3299970.1