IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIRNA E. SERRANO, *et al.*, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 04-40132 |
| and | ) ) | Judge Sean F. Cox |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff Intervenor, | ) ) ) | |
| v. | ) ) | |
| CINTAS CORPORATION, | ) ) ) | |
| Defendant; | ) | |

*Consolidated for Pre-Trial Proceedings with*

| | | |
|---|---|---|
| BLANCA NELLY AVALOS, *et al.*, on behalf of themselves and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 06-12311 |
| and | ) ) | Judge Sean F. Cox |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff Intervenor, | ) ) ) | |
| v. | ) ) | |
| CINTAS CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## STATEMENT OF THE ISSUE

Whether Cintas should be allowed to conduct individual class member depositions before this Court has issued its ruling on the EEOC's Motion for Clarification, where the EEOC has asserted that both trial and discovery should be bifurcated in accordance with *Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977).

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUE ........................................................................................- 2 -

TABLE OF CONTENTS………………………………………………………………….....3

CONTROLLING OR MOST APPROPRIATE AUTHORITY.........................................4

THE EEOC'S REPLY IN SUPPORT FOR ITS MOTION FOR PROTECTIVE ORDER......................................................................................................................- 5 -

I. INTRODUCTION ...................................................................................- 5 -

II. LEGAL ARGUMENT .............................................................................- 5 -

   A. Noticing and conducting further individual class member depositions while this Court considers the issue of bifurcation would render meaningless any ruling this Court makes on the issue; while delaying any depositions until this Court speaks will prejudice neither party. ...................................................................- 5 -

   B. The EEOC has never claimed that Cintas has no right to conduct individual class member depositions; however, such depositions should only be conducted during the second phase of litigation where individual damages are at issue....- 6 -

   C. The focus is solely on Cintas' conduct during the first stage of litigation, thus, taking what could be potentially thousands of depositions during the initial stage of this case is completely unnecessary. ..............................................................- 8 -

III. CONCLUSION ........................................................................................- 9 -

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- *International Brotherhood of Teamsters v. United States* 431 U.S. 324 (1977)

- *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 772 (1976)

- *E.E.O.C. v. Monarch Machine Tool Co., 737 F.2d 1444* (6th Cir. 1980)

# THE EEOC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

## I. INTRODUCTION

By noticing individual class member depositions while this Court is considering the EEOC's Motion for Clarification and Cintas' Motion for Judgment on the Pleadings, Cintas is essentially attempting to decide the issue of bifurcation for this Court. In its Motion for Clarification, the EEOC asked this Court to clarify whether this litigation is bifurcated, in accordance with *Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977), into two separate phases: a "pattern or practice" stage deciding issues of liability and punitive damages, and an individual damage phase where individual damages are addressed. In its Motion for Judgment on the Pleadings, Cintas claims that the EEOC should not be able to proceed with a bifurcated pattern or practice case under § 706 of the Civil Rights Act of 1964 and, in its Response, the EEOC asserts that it may maintain such a case using § 706 alone. The Court has not made a decision on either of these motions. Nevertheless, Cintas has chosen to proceed as if the question of bifurcation had been settled in its favor, even though it has not.

## II. LEGAL ARGUMENT

**A. Conducting further individual class member depositions while this Court considers the issue of bifurcation would render meaningless any ruling this Court makes on the issue; while delaying any depositions until this Court speaks will prejudice neither party.**

By conducting an untold number of class member depositions while this Court considers the issue of bifurcation, Cintas would render any subsequent ruling on that issue by this Court moot. If, for example, this Court decides that trial and

discovery are bifurcated in accordance with *Teamsters* and discovery on individual damages should not occur until the second phase, and Cintas has already conducted what could be hundreds of individual class member depositions, then the Court's decision would have little practical effect. On the other hand, if the court finds against the EEOC on bifurcation, the delay in conducting the depositions would prejudice neither party, and depositions could begin in accordance with the Court's order. All in all, neither party would be prejudiced if Cintas simply waits until this Court speaks on bifurcation before proceeding with depositions.

**B.       The EEOC has never claimed that Cintas has no right to conduct individual class member depositions; however, such depositions should only be conducted during the second phase of litigation where individual damages are at issue.**

And, despite what Cintas suggests, the EEOC has never sought any sort of wholesale prohibition on class member depositions.[1] The EEOC merely asks that Cintas refrain from conducting said depositions until the information that would be gathered in these depositions is relevant.

The law is clear: the only issues to be decided during the first phase of a case bifurcated under the *Teamsters* paradigm are those related to the question of whether Cintas engaged in a pattern or practice of discrimination; individual characteristics of the applicants are irrelevant in phase one of cases bifurcated under *Teamsters*; indeed, this is the essential holding of the case. *See id*. 358-362. In *Teamsters*, the government alleged that the company and union had engaged in a pattern or practice of discriminating against African-American and Spanish-

---

[1] Indeed, the EEOC did not attempt to prohibit or in any way interfere with the depositions that took place in January 2010.  In  fact, the EEOC took it upon itself to secure the attendance of several deponents.

surnamed persons by hiring them only as lower paid local city drivers, and not as over-the-road, long-distance drivers. *Id.* at 328. Since the government introduced specific evidence of discrimination against only 40 employees, the company and the union argued against the issuance of class-wide relief to the remainder of the class of minority employees. *Id.* at 357. The Supreme Court soundly rejected the company and union's position, holding that

> "[a]t the initial, "liability" stage of a pattern-or-practice suit the Government is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy. Its burden is to establish a prima facie case that such a policy existed. The burden then shifts to the employer to defeat the prima facie showing of a pattern or practice by demonstrating that the Government's proof is either inaccurate or insignificant." *Id.* at 360 *citing Franks v. Bowman Transportation Co.*, 424 U.S. 747, 772.

Following *Teamsters*, the Sixth Circuit in *E.E.O.C. v. Monarch Machine Tool Co., 737 F.2d 1444* (6th Cir. 1980), held that during the initial phase of litigation the EEOC was not required to offer evidence that each woman who applied for a general labor position with the employer was a victim of sex discrimination, and that, during the first stage, the EEOC only had to prove that a policy of sex discrimination existed. *Id.* at 1449-50. Consequently, whether or not any

particular class member was available for the driver position and/or whether any particular individual was qualified for the position is of no consequence during the first phase of litigation. The only question that such information could be relevant to is to damages that an individual class member may be entitled to receive, and as the Courts have stated time and again, there is no need for the EEOC to prove individual damages during the first phase of litigation.

C. **The focus is solely on Cintas' conduct during the first stage of litigation; thus, taking further depositions during the initial stage of this case is completely unnecessary.**

Finally, Cintas attempts to explain the need for potentially hundreds of individual depositions during the first phase of litigation by claiming that such depositions could establish that there was no uniform practice as each deponents' interviews and their perceptions of said interviews was different. However, what occurred at any one interview and/or what an applicant perceived is completely irrelevant to a determination of whether Cintas employed a policy of discriminating against female applicants for driving positions. Only Cintas' management can speak for the companies' policies and practices; a women who thought her interview went "well" –but never got the job– has nothing to say about why they were not hired by Cintas.

What is more, the EEOC has never objected to Cintas conducting some individual class member depositions. In fact, with the EEOC's consent and participation, Cintas conducted depositions during January. Moreover, the EEOC has agreed to identify for Cintas all class members the EEOC intends to use as

witnesses during the first phase of trial, with the knowledge that said individuals would be deposed during the initial stage of litigation.  However, Cintas has not – and cannot—justify taking thousands of depositions during the first stage of litigation.  As suggested in *Teamsters*, *Franks*, and *Monarch,* deposing each and every class member at this point is completely unnecessary.

### III.   CONCLUSION

This Court has not had a chance to speak on the issue of bifurcation.  Cintas must wait for the Court's ruling before proceeding with further depositions.  To wait would prejudice neither party, but to proceed would render the Court's opinion meaningless.  As such, this Court should grant the EEOC's Motion for Protective Order and prohibit further individual class member depositions until the Court rules on the bifurcation issue.

Respectfully submitted,

*/s/ Aarika D. Mack-Brown*
Aarika D. Mack-Brown, #25006-49A
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
Phone: (317) 226-7228
FAX:   (317) 226-5571
Email:  Aarika.Mack-Brown@eeoc.gov

# CERTIFICATE OF SERVICE

I certify that on 2010 February 4th the above EEOC's Reply Brief in Support of Its Motion for Protective Order was electronically served via this Court's ECF system upon the attorneys listed below:

| | |
|---|---|
| William G. Tishkoff (MI SB #P45165)<br>Will@tishkofflaw.com<br>Jennifer L. Brant<br>Jennifer@tishkofflaw.com<br><br>TISHKOFF & ASSOCIATES PLLC<br>Second Floor<br>407 North Main Street<br>Ann Arbor MI 48104-1158<br>Telephone: (734) 663-4077<br>Fascimile: (734) 665-1613 | ATTORNEYS FOR *SERRANO* PLAINTIFFS |
| James K. Fett (MI SB #P39461)<br>Jim@fettlaw.com<br>Lawrence A. Fields<br>Larry@fettlaw.com<br><br>FETT & FIELDS, P.C.<br>805 East Main Street<br>Pinckney MI 48169-3266<br>Telephone: (734) 954-0100<br>Fascimile: (734) 954-0762 | ATTORNEYS FOR *SERRANO* PLAINTIFFS |
| Richard T. Seymour (DC SB #28100)<br>Rick@RickSeymourLaw.net<br><br>LAW OFFICE OF RICHARD T. SEYMOUR, P.L.L.C.<br>1150 Connecticut Avenue NW, Suite 900<br>Washington DC 20036-4129<br>Telephone: (202) 862-4320<br>Facsimile: (800) 805-1065 | ATTORNEYS FOR *SERRANO* PLAINTIFFS |
| Judson H. Miner (IL SB #10925237)<br>JMiner@lawmbg.com | ATTORNEYS FOR *AVALOS* |

| | |
|---|---|
| Scott A. Entin (IL SB #6281347)<br>SEntin@lawmbg.com<br>Nancy L. Maldonado (IL SB #6275422)<br>NMaldonado@lawmbg.com<br><br>MINER, BARNHILL & GALLAND<br>14 W. Erie Street<br>Chicago IL 60610<br>Telephone:   (312) 751-1170<br>Facsimile:   (312) 751-0438 | PLAINTIFFS |
| Sarah E. Siskind (WI SB #1004902)<br>SSiskind@lawmbg.com<br><br>MINER, BARNHILL & GALLAND<br>44 E. Mifflin Street, Suite 803<br>Madison WI 53703<br>Telephone:   (608) 255-5200<br>Facsimile:   (608) 255-5380 | ATTORNEYS FOR *AVALOS*<br>PLAINTIFFS |
| Morris J. Baller (CA SB #048928)<br>MBaller@gdblegal.com<br>Roberta L. Steele (CA SB #188198)<br>RSteele@gdblegal.com<br>Joseph E. Jaramillo (CA SB #178566)<br>JJaramillo@gdblegal.com<br>Heather M. Mills (CA SB #215293)<br>HMills@gdblegal.com<br><br>GOLDSTEIN, DEMCHAK, BALLER,<br>    BORGEN & DARDARIAN<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone:   (510) 763-9800<br>Facsimile:   (510) 835-1417 | ATTORNEYS FOR *AVALOS*<br>PLAINTIFFS |
| Nancy L. Abell (CA SB #88785)<br>NancyAbell@paulhastings.com<br>Elena R. Baca (CA SB #160564)<br>ElenaBaca@paulhastings.com | ATTORNEYS FOR DEFENDANT<br>CINTAS CORPORATION |

Heather A. Morgan (CA SB #177425)
HeatherMorgan@paulhastings.com

PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles CA 90071-2228
Telephone:   (213) 683-6000
Facsimile:    (213) 627-0705

| | |
|---|---|
| Maureen E. O'Neill<br>MaureenONeill@paulhastings.com<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>600 Peachtree Street, Suite 2400<br>Atlanta GA 30308-2259<br>Telephone:    (404) 815-2400 | ATTORNEYS FOR DEFENDANT<br>CINTAS CORPORATION |
| Jon A. Geier<br>JonGeier@paulhastings.com | ATTORNEYS FOR DEFENDANT<br>CINTAS CORPORATION |

PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street NW
Washington DC 20005
Telephone:     (202) 508-9500
Facsimile:        (202) 508-9700

| | |
|---|---|
| Gregory M. Utter<br>GMutter@kmklaw.com<br>Brian A. Riddell<br>BRiddell@kmklaw.com<br>W. Keith Noel<br>WNoel@kmklaw.com | ATTORNEYS FOR DEFENDANT<br>CINTAS CORPORATION |

KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati OH 45202
Telephone:   513-579-6540
Facsimile:    513-579-6457

| | |
|---|---|
| Theodore R. Opperwall<br>TOpperwall@kohp.com | ATTORNEYS FOR DEFENDANT<br>CINTAS CORPORATION |

KIENBAUM OPPERWALL HARDY & PELTON
PLC
280 N. Old Woodward Avenue, Suite 400

Birmingham MI 48009-6255
Telephone: (248) 645-0000
Facsimile: (248) 645-1385

*/s/ Aarika D. Mack-Brown*
Aarika D. Mack-Brown, #25006-49A
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-7228
FAX: (317) 226-5571
Aarika.Mack-Brown@EEOC.gov