UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | Civil Case No. 04-40132 |
| Plaintiff Intervenor, | ) ) | Judge Sean F. Cox |
| v. | ) ) | |
| **CINTAS CORPORATION,** | ) ) | Magistrate Judge R. Steven Whalen |
| Defendant; | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED DISCOVERY PLAN**

Pursuant to this Court's February 27, 2013 Order (Dkt. 1094), Cintas submits the attached proposed discovery plan and this brief in support.

I.  **Stay Pending Supreme Court Review**

On April 15, 2013, Cintas filed a Petition for a Writ of Certiorari asking the Supreme Court to review the Sixth Circuit decision vacating the previous judgment of this Court. The parties agree that the issues raised in that petition could impact this matter going forward, potentially wasting Court and party resources. An agreed Stipulated Order for Stay has been submitted today, and both parties respectfully request that the Court enter that order.

II. **Discovery and Other Issues**

In the event that this Court does not stay this case, or if the Supreme Court denies review or remands for proceedings consistent with *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), the parties have fundamental disagreements about discovery and trial moving forward. Many or all of these issues may require further briefing; however, the attached proposed order (Ex. 1) reflects Cintas's position on the following major issues:

**Identification of Claimants and Bifurcation of Discovery:** Cintas believes that the EEOC should identify the claimants on whose behalf it is pursuing claims, and that fact and (if necessary) expert discovery related to those claimants should take place before trial. The EEOC

1

disagrees.  In response to interrogatories asking it to identify those individuals "on whose behalf [it] will seek equitable relief, back pay and/or compensatory damages" and "whom [it] claim[s] [were] not hired as a result of the … 'pattern or practice of sex discrimination'" in which Cintas allegedly engaged, the EEOC responded by identifying every female who applied to Cintas in Michigan "from 1999 to at least April 1, 2005 and [was] not hired as an [SSR]".  (Ex. 2.)  Yet, on appeal, the EEOC opposed Cintas's argument that a "pattern or practice" lawsuit under Section 706 of Title VII ("§ 706") could result in a "massive [lawsuit] with compensatory and punitive damage claims on behalf of more than 1000 applicants" by asserting that, at most, Cintas hired 125 fewer women during that time period than would be expected if discrimination had not occurred.  (*See* Ex. 3 at 9-10.)  The EEOC has thus conceded that at most 125 women have claims, but it now refuses to identify those women.  In direct contrast to the position it took on appeal, it points to a group of more than 1000 applicants, the majority of whom are not entitled to damages, and including women without a driver's license or who were otherwise unqualified or who applied when Cintas was not hiring, and proposes that a jury consider liability and punitive damages before any actual victims are identified.

Cintas is prepared to file a motion to compel and a brief, but this issue has already been litigated and resolved.  On March 2, 2010, Magistrate Judge Scheer ordered the EEOC to disclose "the identity of each individual who has agreed to participate in this action, and who the EEOC alleges is entitled to back pay and other damages."  (Dkt. 583 at 2.)  The EEOC never appealed that aspect of that order.  Although the EEOC argues that the order was issued after this Court ruled that the EEOC could not proceed under the *Teamsters* framework, the parties briefed and argued it before that ruling was made.  More importantly, the order itself states that it applies to a two-stage "pattern or practice"/*Teamsters* trial.  (*Id.* at 2-3 ("[The EEOC]… asserts that its

2

pattern or practice case against Cintas is to be bifurcated … [and] declares its intent to identify the individual victims of discrimination during the second stage of the trial.  I find that proposal unsatisfactory.  Cintas is entitled to contest the issue of gender discrimination in both stages of a bifurcated trial [and] quite reasonably seeks to focus its attention upon the specific women on whose behalf the EEOC intends to seek damages.  The information sought is relevant to the issues in controversy in both stages, and the EEOC has no principled reason to withhold it.").)

Judge Scheer's order was consistent with the language of Title VII and case law.  The EEOC asserts claims under § 706 only.  (Dkt. 1095, ¶1.)  While Cintas disagrees with (and has sought review of) the Sixth Circuit's opinion that the EEOC can assert a "pattern or practice" claim under § 706, any claim under § 706 is a claim brought on behalf of "a person or persons aggrieved."  § 706(f)(1).  In that sense, this case is no different than any other § 706 case; in the words of the Sixth Circuit, "[t]he *Teamsters* framework … is simply a different standard of proof."  699 F.3d at 896.  The EEOC purports to bring a claim on behalf of persons aggrieved; Cintas is entitled to know the identity of those persons so that it can focus discovery efforts on them.  The EEOC wants to proceed to trial without even revealing whether the individuals on whose behalf it purports to seek relief have agreed to be part of this lawsuit.

Courts have granted summary judgment to defendants where the EEOC failed to identify a statistically significant number of claimants and victims of discrimination, and therefore could not establish that a "pattern or practice" of discrimination had occurred.  *See*, *e.g.*, *EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 472-73 (S.D.N.Y. 2011); *EEOC v. Carrols Corp.,* 2005 U.S. Dist. LEXIS 8337, at *13 (N.D.N.Y. 2005).  Moreover, Cintas should be able to challenge individual claims of discrimination (as it successfully did when this was a *McDonnell Douglas* case) before going to trial, even if the case moves forward under the "pattern or practice"

framework. In *Penk v. Oregon State Bd. of Higher Ed.*, 1984 U.S. Dist. LEXIS 24437, at \*\*14-16 (D. Ore. Aug. 10, 1984), for example, the district court permitted the defendant to challenge individuals' claims of discrimination in the first phase of trial in order to establish that it did not engage in a "pattern or practice" of discrimination. Cintas can only raise these defenses if the EEOC identifies the group of alleged victims on whose behalf it purports to assert claims.

The EEOC proposes that "trial and discovery be bifurcated into stages, with discovery and trial pertaining to individual claimants to take place only after trial regarding liability and punitive damages." (Dkt. 1098 at 1.) Similar proposals have been rejected in EEOC "pattern or practice" cases. *See*, *e.g.*, *EEOC v. New Indianapolis Hotels*, 2012 U.S. Dist. LEXIS 12546, at \*4 (S.D. Ind., Feb. 1, 2012).[1] One court in this circuit which agreed to bifurcate discovery nevertheless rejected the EEOC's position that it was not required to identify the claimants on whose behalf it sought relief until after the first phase of trial. *EEOC v. Kaplan Higher Educ.*, 2012 U.S. Dist. LEXIS 54949, at \*16-17 (N.D. Ohio, Apr. 18, 2012) ("[T]he identities of the individuals the EEOC contends are aggrieved by [the employer's] practices, and on whose behalf the EEOC will seek relief … are relevant in this phase I 'liability' stage of the case and are discoverable for the same reasons stated by the *Serrano* court.")[2] If this case proceeds under *Teamsters*, the EEOC should be compelled to respond to the attached interrogatories.

**Punitive Damages:** The EEOC also proposes that—before it identifies a *single* claimant, and before Cintas can establish that any female applicant was denied employment for legitimate reasons under the *Teamsters* framework—a jury should determine whether Cintas is liable for punitive damages and determine an amount of punitive damages. (Dkt. 1098 at 1.) This

---

[1] *See also EEOC v. Ruby Tuesday, Inc.*, (Doc. #41, Case No. 2:09-cv-01330; W.D. Pa., Dec. 27, 2011) *and EEOC v. Sedita*, 1988 U.S. Dist. LEXIS 2024, \*\*3-5 (N.D. Ill., Mar. 2, 1988).

[2] The fact that another court adopted Judge Scheer's reasoning in a two-phase case further undermines the EEOC's position that the order is not applicable to this case if the *Teamsters* framework applies.

approach is fundamentally unfair and inconsistent with the holding in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418 (2003) that punitive damages must bear some relation to the actual harm suffered by plaintiffs.  Many courts faced with similar EEOC proposals in Title VII cases have rejected them.[3]  The EEOC's proposal should also be rejected here.

**Dispositive Motions:**  The EEOC also takes the position that the parties may not file additional dispositive motions if the case moves forward under the *Teamsters* framework.  All of the summary judgment motions previously filed in this case were considered under the *McDonnell Douglas* framework.  The Sixth Circuit held that *Teamsters* sets forth "a different standard of proof [where] plaintiff's initial burden to make out a prima facie case *is heightened*." 699 F.3d at 896.  The fact that Cintas prevailed on summary judgment motions when the EEOC had a lower initial burden should not preclude Cintas from filing additional dispositive motions.

**Scott Farmer Deposition:**  The EEOC wants to depose Cintas's CEO, Scott Farmer, about comments made at a 2003 management meeting.  The Sixth Circuit vacated the Court's previous order granting Cintas a protective order preventing that deposition from moving forward, but still held that Cintas could seek such an order if it could "demonstrate a substantial burden to [Mr. Farmer]."   699 F.3d at 900-01.  Cintas agreed not to file such a motion, but proposed that the deposition be limited to two hours (exclusive of any argument of counsel or objections).  The EEOC rejected this proposal.  It is unclear why the EEOC believes it needs more than two hours to question Mr. Farmer about a single speech, and the attached proposed order reflects Cintas's reasonable attempt at accommodating the EEOC's need for discovery while balancing the burden on its CEO.

---

[3] *See*, *e.g.*, *EEOC v. Int'l Profit Assocs.*, 2007 U.S. Dist. LEXIS 78378, at *28-30 (N.D. Ill. 2007); *EEOC v. JBS United States, LLC,* 2011 U.S. Dist. LEXIS 87127, at *24-25 (D. Col. 2011); *EEOC v. Sterling Jewelers, Inc.,* 788 F. Supp. 2d 83, 92 (W.D. N.Y. 2011).  Cintas is not waiving its right to argue at the appropriate time that punitive damages are not appropriate in this specific case or in any "pattern or practice" case.

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter
Rachael A. Rowe
Benjamin G. Stewart
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6540
Fax: (513) 579-6457

*Attorneys for Defendant, Cintas Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that true and exact copies of the foregoing were served on all counsel of record via the Court's CM/ECF filing system this 30th day of April 2013.

/s/ Gregory M. Utter
Gregory M. Utter

4909618